# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PAMELA J. KIEFER | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-330 |
| | § | (Judge Mazzant) |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for disability benefits, disabled widow's benefits, and supplemental security income under Title II and Title XVI of the Social Security Act (the "Act"). After carefully reviewing the briefs submitted by the parties, as well as evidence in the administrative record, the Court finds that the Commissioner's decision should be affirmed.

## HISTORY OF THE CASE

Plaintiff filed her application for disability benefits, disabled widow's benefits, and supplemental security income on December 15, 2010, alleging disability since July 15, 2008 (TR 24). The claim was initially denied on March 10, 2011, and denied upon reconsideration on June 21, 2011 (TR 61-69, 69-96). Plaintiff filed a timely written request for a hearing on August 16, 2011, and appeared at a hearing before the Administrative Law Judge ("ALJ") on January 31, 2012 (TR 36-60, 97-138).

On April 12, 2012, the ALJ denied Plaintiff's request for disability benefits, disabled widows benefits, and supplemental security income, and concluded that Plaintiff was not under a disability as defined in the Act (TR 21-35). Plaintiff requested review from the Appeals Council,

and on April 19, 2012, the Appeals Council denied her request for review making the ALJ's decision the final decision of the Commissioner (TR 1-5).

## STATEMENT OF THE FACTS

Plaintiff was born on October 9, 1960, and was 51 years of age, a "person closely approaching advanced age" at the time of the ALJ's decision (TR 61). Plaintiff has a high school education, and attended "nail and jailor school" (TR 39). Plaintiff has previous work experience as a cafeteria attendant, nail technician, jewelry saleswoman, gambling cashier, and a detention officer (TR 39, 57-58). Plaintiff alleged disability due to osteoarthritis, fibromyalgia, high blood pressure, chronic fatigue and pain, and connective tissue disease (restless leg syndrome) (TR 24, 61-66, 141-53, 161-68, 174).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ found that the Plaintiff had severe fibromyalgia, hypertension, and lumbar spondylosis (TR 27). The ALJ found that the Plaintiff had the residual functioning capacity to perform sedentary work with occasional stooping or crouching (TR 27-29). The ALJ also found that the Plaintiff could perform her past relevant work as a nail technician (TR 29). The ALJ concluded that Plaintiff was not disabled (TR 30).

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995); 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702

F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook,* 750 F.2d at 393. In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below. 20 C.F.R. § 404.1520(a)(4).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520. First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f); 42 U.S.C. § 1382(a).

## ANALYSIS

Plaintiff raises the following two issues on appeal: (1) the ALJ's credibility and subsequent residual functioning capacity findings were not supported by substantial evidence; and (2) the ALJ's alleged unsupported findings prejudiced Plaintiff's claim.

In her first issue, Plaintiff asserts that the ALJ's credibility findings were not supported by evidence in the record and were not specific enough to pass judicial review. The Fifth Circuit requires that the ALJ must consider subjective evidence of pain, but it is within his discretion to determine the pain's disabling nature. *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991). Such determinations are entitled to considerable deference, and the pain must be constant, unremitting, and wholly unresponsive to therapeutic treatment to be considered disabling. *Id.* The ALJ retains the sole responsibility for assessing a claimant's residual functioning capacity based on all of the relevant evidence in the record. *See Ripley v. Carter*, 67 F.3d 552, 557 (5th Cir. 1995). Finally, the ALJ need not credit Plaintiff's subjective statements over the substantial conflicting evidence. *See Anthony v. Sullivan,* 954 F.2d 289, 296 (5th Cir. 1992). Here, the ALJ considered the Plaintiff's subjective evidence of pain, but ultimately determined that she was not disabled under the Act in light of the objective medical evidence and the residual functioning capacity findings (TR 28-30).

Plaintiff contends that the ALJ failed to give specific reasons for the weight given to the subjective evidence of pain as required by Social Security Rule 96-7p. This section provides the ALJ with a non-exclusive list of factors to consider when making a determination of how the pain affects the individual's ability to perform work activities, which includes: "(1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4)

the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms [ ]; and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms." SSR 96-7p, at *2; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Plaintiff contends that the ALJ failed to consider all the factors relevant to the credibility of her complaints of pain and provide specific reasons for finding her allegations incredible. However, "neither the regulation nor interpretive case law requires that an ALJ name, enumerate, and discuss each factor in outline or other rigid, mechanical form. It suffices when the administrative decision is sufficiently specific to make clear that the regulatory factors were considered." *Prince v. Barnhart*, 418 F. Supp. 2d 863, 871 (E.D. Tex. 2005).

The Court declines to adopt the Third Circuit's "rigid" approach in this case. The Fifth Circuit has rejected this "rigid" approach, which requires that the ALJ must articulate specifically the evidence that supports his decision and discuss the evidence that was rejected. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (rejecting *Cotter v. Harris,* 642 F.2d 700, 705 (3rd Cir. 1981)). However, "[w]hen the evidence *clearly* favors the claimant, the ALJ must articulate reasons for rejecting the claimant's subjective complaints of pain." *Id.* (citing *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988) (emphasis added)). Thus, the ALJ is not required to give specific findings unless uncontroverted medical evidence clearly favors the claimant. *Id.*

In this case, the ALJ made the following findings with regard to the claimant's pain:

> The claimant reports severe pain in joints and bones; mainly in muscles and joint. She continued to work but one day thought she was having a heart attack or blood clot moving through her body. She was diagnosed with fibromyalgia, Osteoarthritis and Restless leg and Lupus. On a 1-10 pain scale with 1 being

negligible and 10 being unbearable the claimant testified she has a daily pain of 4-5 with very little activity. If she overdoes something like standing or sitting too long, the pain starts to peak and she has to lie down, take pain pills, use heat and recline with her feet elevated. She has not worked for over 3 years. She rests a lot during the day; 4 hours a day. It is a must that she rest during the day. She believes she can sit 15 minutes; stand 10-15 minutes but it depends on the pain level at that time. After 10-15 minutes she is dizzy from the pain and must recline with feet up. She has arthritis in her joints- legs knees, ankles, fingers; she hurts all over.

(TR 29). The ALJ also made the following assessments:

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

…..

In terms of the claimant's alleged disabling pain the evidence of record does not support the contentions of the claimant. Further, the opinions of record do not support her contentions.

…..

In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 96-3.

*Id*. at 29.

In the present case, the ALJ is not required to give a more explicit finding because the medical evidence does not clearly favor the claimant's assessment of disabling pain. *See Falco*, 27 F.3d at 163; *Abshire*, 848 F.2d at 642. The ALJ noted that the medical evidence indicates that the Plaintiff's fibromyalgia and restless leg syndrome were treated with medication (TR 27-28, 251-53, 282-313). Additionally, objective medical examinations revealed that the claimant had

normal strength, power, and range of motion (TR 28, 333-35). Finally, the two state agency medical consultants reviewed the claimant's medical records and determined that the Plaintiff had the residual functioning capacity to perform light work with occasional stooping or crouching (TR 28, 324-31, 338). Thus, in light of the objective medical evidence and opinions of state experts, the ALJ was not required to make a more explicit finding in his rejection of Plaintiff's subjective statements.[1]

Plaintiff contends that the ALJ did not consider all of the factors in 96-7p relevant to the credibility of her subjective complaints, and failed to provide a "logical bridge" between the evidence and conclusions, relying on *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).[2] This decision is not binding on this Court; further, the Fifth Circuit affords the ALJ greater deference than other circuits in making his assessment. *See Prince*, 418 F. Supp. 2d at 870-71; *Falco*, 27 F.3d at 163. For example, the Fifth Circuit upheld an ALJ's rejection of subjective pain based on the residual functioning capacity determination without explicitly stating any of the 96-7p factors. *Falco*, 27 F.3d at 163. Further, this Court has upheld "sloppy" ALJ decisions that do not explicitly name any factors, but contain some statements regarding pain and claimant activities. *Lewis v. Barnhart*, 431 F. Supp. 2d 657, 664 (E.D. Tex. 2006); *see also White v. Barnhart*, 454 F. Supp. 2d 609, 614 (E.D. Tex. 2006) (upholding an ALJ's rejection of pain where he made no specific findings, but cited 96-7p, which acknowledged the ALJ's familiarity with those standards and his duty to apply them).

The Fifth Circuit will remand an ALJ's decision where consideration of the claimant's

---

[1] Although the Court found no error, the ALJ could have provided a more detailed report.

[2] Plaintiff further requests that this Court consider the Seventh Circuit's approach, which strikes an ALJ's opinion that contains "boilerplate language." *See Bjornson v. Astrue,* 671 F.3d 640, 645 (7th Cir. 2012). However, this case is not binding authority, and the Court declines to adopt that language in favor of applying Fifth Circuit precedent in this case.

subjective complaints of pain is wholly excluded. *See Scharlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981). However, the Fifth Circuit will uphold a decision where the ALJ acknowledges the pain, cites the regulation, summarizes evidence relevant to some of the 96-7p factors, and articulates reasons for his decision. *See Prince*, 418 F. Supp. 2d at 871. Here, the ALJ covered all of the factors by discussing the claimant's daily resting and activity cycles (factor 1); pain in her joints, bones, and muscles (factor 2); overdoing things that aggravate her pain (factor 3); the pain medications and treatments she has received (factor 4); reclining to alleviate pain (factor 5); resting (factor 6); and other general factors about her pain including dizziness (factor 7) (TR 27-29). The ALJ then concluded that the subjective statements of the disabling nature of pain were not consistent with objective medical evidence and the residual functional capacity findings, which satisfies the articulation of reasoning requirement in *Prince*. *Prince*, 418 F. Supp. 2d at 871 (TR 30). Thus, the ALJ did not err and substantial evidence supports the decision.

Plaintiff further claims that the ALJ did not provide sufficient reasoning for his pain assessment. This argument is without merit because the ALJ articulated that he relied on both objective medical evidence and the residual functioning capacity assessment in making his determination (TR 29). The residual functioning capacity, completed by the state agency medical expert Jeanine Kwun, M.D., found that the claimant's ailments limited her to work within the light level of exertion reduced by an occasional ability to stoop or crouch (TR 28). Plaintiff contends that the residual functioning capacity findings were not supported by substantial evidence, which is without merit due to the substantial medical evidence utilized by the original medical expert (TR 324-31). Additionally, a second expert Amita Hedge, M.D., affirmed Dr. Kwun's findings (TR 338). Finally, in assessing a claimant's residual functioning capacity, "[c]onflicts in the evidence are for the [ALJ] and not the courts to resolve." *Selders v. Sullivan*,

914 F.2d 614, 617 (5th Cir. 1990). Based upon the residual functioning capacity findings by both medical experts and the vocational expert testimony, the ALJ ultimately held that the claimant is able to perform her past relevant work as a nail technician (TR 29). In sum, since the ALJ impliedly utilized all of the 96-7p factors and articulated his reasoning for rejecting the claimant's subjective statements of pain, Plaintiff's claims are without merit.

In her second issue, Plaintiff asserts that the ALJ's alleged unsupported findings prejudiced her claim. Plaintiff claims that the ALJ's findings were made in error based on administrative procedures, specifically, that the ALJ's assessment of the residual functioning capacity appeared before the evaluation of the claimant's subjective statements of pain. However, the Fifth Circuit has held that procedural perfection in administrative proceedings is not required and any variation amounts to harmless error that is not grounds for reversal, unless the substantial rights of a party have been affected. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Regardless, assuming *arguendo* that the ALJ's findings were deficient, Plaintiff has still failed to demonstrate the requisite prejudice. *See Jones v. Astrue*, 691 F.3d 730, 734-35 (5th Cir. 2012) ("The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error."); *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (requiring that a claimant must demonstrate that he or she could and would have adduced evidence that might have altered the result). Since the Plaintiff has not established that prejudice has resulted from harmful error warranting reversal, Plaintiff's claim fails.

## CONCLUSION

Pursuant to the foregoing, the Court finds that the decision of the Administrative Law Judge is hereby **AFFIRMED.**

**SIGNED this 12th day of June, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE